GARRISON, Judge.
This is an appeal from a judgment of the district court dismissing the action of Ruby Blanchard and Roy Williams against Bernie Dumas Buick, General Motors and their insurers. Bertha Horhn, a guest passenger, also appeals, alleging insufficiency in the amount of $2,500.00 damages awarded to her.
Ruby Blanchard and Roy Williams were co-owners of a 1976 Buick LeSabre purchased from Bernie Dumas Automobile Dealership on the day before the accident.
Horhn and Blanchard both stated that on the day after the purchase of the new Buick LeSabre, they were both injured due to a defective part or parts in the vehicle. They testified that they heard a “pop” from the car, whereupon the car rapidly accelerated. Mrs. Blanchard continuously applied the brakes to no avail. Mrs. Horhn testified that she saw Blanchard’s foot on the brakes. Mrs. Blanchard then said, “I got to take the tree.” The car crashed into the tree. After the car hit the tree, the motor continued running “wide open.” Mr. Larry DeCuire, an eyewitness to the accident, testified that he saw the Blanchard vehicle turn at a slow rate of speed, then suddenly accelerate, saw brake lights on the vehicle for the entire period but for two or three seconds when he glanced at traffic conditions, parked his car in order to watch the bizarre behavior of the vehicle, and saw that the motor was still running and “wide open” after the collision with the tree.
After the accident, a bend in the accelerator linkage was discovered.[1] Edwin Gue-nard, Service Manager for the dealer, admitted that the linkage is not checked for bends prior to delivery to the customer, but he further testified that there was no way that a dealer could discover such a defect. John Orman, District Service Manager for General Motors, testified that upon inspection of the wrecked vehicle, the cable moved freely, but the motor was displaced from the motor mounts and had been pushed back and to the left.
All experts agreed that the bend in the linkage could have been caused by the impact of the accident. Additionally, there was further testimony that the “popping” noise was the sound of the impact when plaintiffs’ car hit the curbing.
Accordingly, the facts of the instant case are such that a factual determination could have gone either way. The instant case was tried by jury and the jury found:
(1) That the car was not defective; and
(2) That Ruby Blanchard was guilty of negligence which negligence was the proximate cause of the accident.
Upon our independent review of the record, we cannot conclude that the trier of fact was manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Co., 283 So.2d 716 (La.1973).
Turning to the issue of quantum as to the guest passenger, Mrs. Horhn, we note that she incurred the following damages:
Hotel Dieu bill $127.00
Lumbar belt 34.45
Montelepre Hospital 57.59
Dr. John Lindner 670.00 (42 visits)
$889.04
The impact of the collision threw Mrs. Horhn onto the floor of the car with the driver falling on top of her. Mrs. Horhn was unconscious for a short period of timé. She received emergency treatment at Hotel Dieu Hospital. Her injuries were diagnosed as a severe contusion of the head with a *549 probable concussion, multiple contusions of the body and an acute sprain of her neck and lower back. She experienced pain in her neck and back for at least three months, accompanied by headaches. She took analgesics and muscle relaxants, underwent 42 treatments of ultrasound therapy and had to wear a lumbosacral belt.
At the time of the accident Mrs. Horhn worked for Sister Diana Hooley, Mother Superior of the Order of the Eucharistic Missionaries of St. Dominic at their Mother House. Mrs. Horhn worked 7 hours a day, 30 hours a week for $2.00 per hour. Mrs. Horhn was unable to continue her employment due to the aeeident. She is unable to perform work involving lifting or movement of heavy objects. She presently works part-time as a private duty nurse’s aide, but she can only work for ambulatory patients. At the time of discharge, she was diagnosed as having restrictive leg movement. She still suffers from back pains, muscle spasms, “stiff neck” and is unable to sit for long periods of time.
In light of the evidence presented, we find that the amount of $2,500.00 awarded to Mrs. Horhn is so low as to constitute a clear abuse of discretion.
We find that the minimum that could be awarded in the instant appeal is $4,000.00, plus special damages of $889.04.
For the reasons discussed, the judgment of the district court is amended, as follows and, as amended, is affirmed:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of the defendants, Bernie Dumas Buick, Inc. and General Motors Corporation, and against the plaintiffs, Ruby Blanchard and Roy Williams, dismissing plaintiffs’ suit.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of the plaintiff, Bertha Horhn and against the defendant, American Fidelity Fire Insurance Company, in the full sum of $4,889.04, together with legal interest thereon from date of judicial demand until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of the defendant, Bernie Dumas Buick, Inc. and against the plaintiff, Bertha Horhn, dismissing plaintiff’s suit.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of Vista Insurance Company and Rodney W. Pierce, and against the defendants, Ruby Blanchard, Roy C. Williams and American Fidelity Fire Insurance Company, in the full sum of $326.63, together with legal interest thereon from date of judicial demand until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of the defendants, General Motors Corporation and Bernie Dumas Buick, Inc. and against the plaintiffs, Vista Insurance Company and Rodney W. Pierce, dismissing plaintiffs’ suit.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all third party petitions and reconventional demands are hereby dismissed.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that each party herein shall bear their own costs.
AMENDED AND AFFIRMED.

. Testimony differs as to whether it was a lh inch bend or a 'A to 3A inch bend.